# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARPMAN FITNESS, LLC, d/b/a
ELEMENTS ROYAL OAK.,

    Plaintiff,                                               Case No. 08-13207

v.                                                          Hon. Gerald E. Rosen

CITY OF ROYAL OAK,

    Defendant.
_____/

## OPINION AND ORDER REGARDING
## DEFENDANT'S MOTION TO DISMISS

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on     November 14, 2008

    PRESENT:  Honorable Gerald E. Rosen
                          United States District Judge

## I. INTRODUCTION

Plaintiff Carpman Fitness, LLC, d/b/a Elements Royal Oak commenced this action in Oakland County Circuit Court on June 23, 2008, alleging that the Defendant City of Royal Oak improperly denied it a license to operate a massage establishment. Plaintiff has asserted claims under the due process and equal protection clauses of the state and federal constitutions, and seeks an award of damages and injunctive relief. Defendant timely removed the case to this Court on federal question grounds. See 28 U.S.C. §§ 1331, 1441.

Through the present motion filed pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant City of Royal Oak seeks the dismissal of all of the claims asserted in Plaintiff's complaint. Defendant argues that Michigan does not recognize a due process property or liberty interest in licenses for first-time applicants. Defendant further asserts that Plaintiff has alleged no facts to support an allegation of unequal treatment among similarly situated businesses. Finally, Defendant contends that because Plaintiff was ultimately granted a massage establishment license, it can no longer claim an injury-in-fact for standing purposes, and therefore cannot challenge the constitutionality of the massage establishment ordinance.

Having reviewed and considered Plaintiff's complaint, Defendant's motion, and Plaintiff's response to this motion, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This opinion and order sets forth the Court's ruling.

## II. **FACTUAL AND PROCEDURAL BACKGROUND**

In the fall of 2006, Plaintiff Carpman Fitness, LLC commenced an effort to open a therapeutic massage business in Royal Oak, Michigan. The Royal Oak Massage Establishment License and Regulation Ordinance (the "Massage Ordinance") mandates that massage businesses have a valid business license issued by the City of Royal Oak in order to operate. Royal Oak, Mich., Code § 447-3. The Ordinance also requires that all persons employed to practice massage obtain a massagist license. Id.

In October 2006, Bruce Carpman, Plaintiff's owner, purchased the franchise rights

to develop a therapeutic massage business under the name Elements Therapeutic Massage ("Elements"). In July 2007, Plaintiff entered into a five-year lease agreement for a property located on Woodward Avenue in Royal Oak, planning to open and operate an Elements franchise at the site. On May 17, 2007, at Plaintiff's request, the Royal Oak Zoning Board of Appeals granted variances as to set-back and off-street parking requirements under the relevant Royal Oak ordinances. Once the variances were granted, Plaintiff proceeded to develop the leased space, recruit personnel, and advertise. Plaintiff asserts that the company incurred expenses exceeding $100,000. (Compl. ¶ 10.)

On December 18, 2007, Plaintiff opened the Elements franchise for business without the appropriate massage establishment and individual licenses. On December 19, 2007, a Royal Oak code enforcement officer advised Mr. Carpman that the business and each of its individual massagists required licenses under the Massage Ordinance. Plaintiff alleges that the officer also advised Mr. Carpman at that time that he "could continue to operate business at the Property until such time as the license was obtained, and Royal Oak would not take any steps to shut down Elements." (Carpman Aff. ¶ 7.)

On January 24, 2008, the City of Royal Oak issued Plaintiff a civil infraction ticket based on its failure to obtain a license under the Massage Ordinance. Shortly thereafter, on February 7, 2008, Plaintiff submitted an application and a $1,000 check for a massage establishment license. In the interim, Plaintiff's Elements franchise remained open to the public, still operating without the appropriate licenses. Plaintiff alleges that the city clerk's office repeatedly failed to answer questions about the licensing process or

improperly answered questions, stating, for example, that a doctor's letter was required for each individual massagist application. (Compl. ¶ 12; Carpman Aff. ¶¶ 8-9.)

By March 19, 2008, all pertinent city departments had recommended approval of the license as required under the Massage Ordinance. On March 26, 2008, the City Manager and the City Clerk issued a memorandum to the City Commission recommending approval of the license. The application was considered at the April 14, 2008 meeting of the Commission.[1] The Commission denied the license for Plaintiff in a four to three vote, citing the period during which the business had remained open without the appropriate licenses despite being on notice of the Massage Ordinance's requirements. (Def.'s Br. Ex. 4.)

On April 17, 2008, a Royal Oak undercover police officer visited Elements and received a massage from Lauren Stocking, a massagist employed by Plaintiff. On April 21 and 22, 2008, Plaintiff submitted license applications, along with the necessary fees, on behalf of five massagists employed by Plaintiff. Arrest warrants were issued on May 1 at the request of the City, based on Ms. Stocking giving a massage to an undercover agent without a license. On May 4, 2008, Plaintiff shut down its Royal Oak business and began refunding membership and pre-paid services to its customers.

---

[1]The Commission first considered Plaintiff's license application at its April 7, 2008 meeting, where Commissioner Semchena stated that Mr. Carpman had been cited for operating without a license in January, that a second citation had been issued the day of the meeting, and that none of the Elements massagists had applied for the applicable licenses. At the request of Plaintiff's counsel, the issue was postponed to the following meeting. (Def.'s Br. Ex. 3.)

4

At its May 19, 2008 meeting,[2] the City Commission voted five to two to rescind its April 14 decision denying a license to Elements, to approve a massage establishment license for Elements, and to approve the individual Massage Therapists licenses for the five individual massagists. Plaintiff claims that a majority of its individual therapists have since refused to return to work for Elements, "because of the criminal proceedings initiated by Royal Oak as well as the delay in the issuance of the licenses." (Carpman Aff. ¶ 17.)

Plaintiff filed this lawsuit in Oakland County Circuit Court on June 23, 2008, alleging that its due process rights were violated when the City failed to timely consider and grant the business's request for a license. In addition, Plaintiff asserts an equal protection "class of one" claim because allegedly different standards were imposed upon Plaintiff than on other similarly situated businesses. The City of Royal Oak removed the matter to this Court on July 25, 2008, and filed a motion to dismiss for failure to state a claim on July 27, 2008.

---

[2]Plaintiff requested reconsideration of the denial of the license at a May 5 City Commission meeting. The Commission voted to postpone consideration of the Elements business license until the May 19 meeting. (Def.'s Br. Ex. 5.)

## III. DISCUSSION

### A. The Standards Governing Defendant's Motion

Through the present motion, the Defendant City of Royal Oak seeks the dismissal of Plaintiff's federal 42 U.S.C. § 1983 claims for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).[3] When considering a motion to dismiss

---

[3]Plaintiff argues that Defendant's motion must be treated as seeking summary judgment under Rule 56 because this motion is accompanied by the minutes of the April 7, April 14, May 5, and May 19, 2008 meetings of the Royal Oak City Commission. In deciding a Rule 12(b)(6) motion, if the court considers matters outside the pleadings, it generally must convert the motion into one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d); see also Kostrzewa v. City of Troy, 247 F.3d 633, 643-44 (6th Cir. 2001); Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997); but see Bain v. General Motors Corp., 467 F. Supp.2d 721, 725 (E.D. Mich. 2006) ("Although it is generally improper to consider matters outside of the pleadings on a motion to dismiss, that rule does not apply to documents referenced by the pleadings themselves that are central to the plaintiff's claim.").

Yet, as this Court has previously suggested, where the principal legal challenge advanced in a defendant's motion rests entirely on the plaintiff's complaint, and the defendant largely eschews any reliance on materials outside the pleadings, conversion is not warranted. See Amidon v. Michigan, No. 04-75003, 2008 WL 723536, at *3 n.6 (E.D. Mich. Mar. 17, 2008). In this case, Defendant's challenge to Plaintiff's due process and equal protection claims in no way relies on the substance of the meeting minutes, but rather goes to the underlying question whether Plaintiff has alleged a legitimate entitlement to constitutional protections.

Moreover, the meeting minutes may be regarded as part of the public record and, therefore, not a basis for conversion. See Papasan v. Allain, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932 (1986) (holding that the court is not precluded from taking notice of items in the public record on 12(b)(6) motions, including extensive documentation of the historical facts alleged in the complaint, even if the parties disagree as to their legal significance). In Hollis v. United States Dep't of Army, 856 F.2d 1541, 1543-44 (D.C. Cir. 1988), for example, the court found that where there was substantial agreement between the parties on the factual allegations in attached exhibits, consideration of those documents did not warrant conversion: "no useful purpose can be served by [the application of the conversion rule] where it is clear that the dispositive facts will remain undisputed and unchanged." Id. at 1544.

The parties in this case may disagree as to the legal significance of the commission's decisions, but they do not appear to contest the fact that they were taken nor the stated grounds for each decision. Accordingly, the Court find that Defendant's motion may properly be

6

under Rule 12(b)(6), the Court is required to accept as true the well-pleaded factual allegations set forth in Plaintiffs' complaint. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan, 829 F.2d at 12.

In the aftermath of the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Sixth Circuit has explained that a plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 1987). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id.

**B.      Standing**

As part of its requested relief, Plaintiff seeks to enjoin the Defendant City of Royal Oak from enforcing its Massage Ordinance and to compel Defendant to timely review and process license applications submitted by Plaintiff or its massagists. (Compl. ¶¶ 31, 37, 41.) In challenging this aspect of Plaintiff's complaint, Defendant asserts that Plaintiff lacks standing to challenge the constitutionality of the City's licensing procedures.

---

resolved under the standards of Rule 12(b)(6).

Specifically, Defendant argues that because Plaintiff currently has a license to operate a massage establishment, it has not suffered the injury-in-fact required to seek injunctive or declaratory relief with respect to the challenged provisions of the Massage Ordinance, Royal Oak, Mich., Code § 447-7.

To satisfy the "case and controversy" requirement of Article III of the U.S. Constitution, a party must show that it has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged conduct, and the injury or threat must be "real and immediate," not "conjectural" or "hypothetical." O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676 (1974); accord City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S. Ct. 1660, 1664-65 (1983). In the context of declaratory or injunctive relief, a plaintiff must demonstrate actual present harm or a significant possibility that future harm is impending to justify relief. See Peoples Rights Org., Inc. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998); Nat'l Rifle Assoc. v. Magaw, 132 F.3d 272, 280 (6th Cir. 1997); Bras v. Cal. Public Utils. Comm'n, 59 F.3d 869, 873 (9th Cir. 1995). Plaintiff argues that because the Massage Ordinance requires annual renewal of the massage establishment license, it will undoubtedly encounter the allegedly unconstitutional provisions of the Ordinance again, and is thus entitled to seek injunctive relief.

First-time applicants are treated differently from renewing applicants for licenses under the Massage Ordinance. See Royal Oak, Mich., Code, §§ 447-8; 425-2. Therefore, if Plaintiff is subject to any future threat to its constitutional rights from actions by the

8

City, those threats will arise under the materially different procedures for *renewal of licenses*. Because Plaintiff currently holds a massage establishment license, it cannot demonstrate that it satisfies the "injury in fact" requirement for standing to challenge the licensing provisions of the City's Massage Ordinance. See DLS, Inc. v. Chattanooga, 107 F.3d 403, 413-14 (6th Cir. 1997) (holding that plaintiffs lacked standing to challenge an adult cabaret licensing scheme where they already held a license). The federal courts are thus without jurisdiction to entertain Plaintiff's claim for injunctive relief, but may nevertheless adjudicate Plaintiff's claims for damages resulting from past civil rights violations.

**C.    Due Process**

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." Amdt. 14, § 1. Through its enactment of 42 U.S.C. § 1983, Congress created a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." In Count I of its complaint, Plaintiff claims the benefit of this statute on the ground that its due process rights were violated when the City failed to timely grant it a massage establishment license. Specifically, Plaintiff claims that its due process rights were violated: when the City demanded doctor's letters for each massagist, (Compl. ¶ 25); when the City imposed the 45-day waiting period built into the Massage Ordinance in order to allow investigation of license applicants, (Compl. ¶ 29); and when the City imposed "purely arbitrary, capricious and unfounded delays . . . with respect to

9

the processing of applications," (Compl. ¶ 28). Plaintiff also argues that its substantive due process rights were violated when the city failed to timely consider its license application. (Compl. ¶ 26.) Finally, Plaintiff argues that the ordinance is unconstitutional as applied because it precludes Plaintiff from successfully operating its business at the property (Compl. ¶ 30), and that the 45-day provision of the ordinance is facially invalid because it precludes Plaintiff from successfully recruiting, hiring and retaining individual massagists (Compl.¶ 27).

The Court analyzes due process claims under a two-part inquiry. First, the Court determines whether there is a protected property or liberty interest at stake such that the due process protections are applicable. <u>Ingraham v. Wright</u>, 430 U.S. 651, 672, 97 S. Ct. 1401, 1413 (1977). If such a protected interest has been identified, the Court then goes on to evaluate whether the individual was afforded an appropriate level of process. <u>Id.</u>

Although the due process inquiry is a question of federal law, the threshold question of whether a plaintiff possesses a protected interest is determined by reference to state law. <u>Paul v. Davis</u>, 424 U.S. 693, 710, 96 S. Ct. 1155, 1165 (1976) (stating that property "interests attain . . . constitutional status by virtue of the fact that they have been initially recognized and protected by state law"). Specifically, a protected interest must be more than "an abstract desire for" or a "unilateral expectation of" a benefit; rather, it must arise from a "legitimate claim of entitlement . . . .defined by existing rules or understandings that stem from an independent source such as state law." <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). Insofar as Plaintiffs

have not shown that they enjoy a protected interest in a massage establishment license under Michigan law, this Court need not determine whether they were afforded due process.

### 1. Procedural due process claim

The Sixth Circuit has held that a first-time applicant for a liquor license, Shamie v. City of Pontiac, 620 F.2d 118, 120 (6th Cir. 1980), a pool hall/amusement license, Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984), and an entertainment license, Wojcik v. City of Romulus, 257 F.3d 600, 609-10 (6th Cir. 2001), are not entitled to procedural due process rights under Michigan law. The Sixth Circuit pointed out that a first time license applicant's status

> is not comparable to that of the welfare recipient who is cut from the rolls, the parolee facing revocation of his parole, or the driver confronting cancellation of his license. In each of the foregoing cases, the plaintiff possessed a clear, legitimate claim to welfare benefits, a parole, or an operator's license, which present entitlement was in danger of being extinguished. . . . [A first time amusement device license applicant is] not entitled to a license and thus he suffer[s] no constitutional injury upon its deprivation.

Sanderson, 726 F.2d at 286 (citations omitted). Similarly, Michigan courts distinguish first-time applicants from existing license holders seeking renewal: license holders have a property interest in keeping the license, but new applicants do not have a property interest if they have not previously been granted a license. See, e.g., Bundo v. City of Walled Lake, 238 N.W.2d 154 (Mich. 1976); Wong v. City of Riverview, 337 N.W.2d 589, 590 (Mich. Ct. App. 1983).

In the present case, Plaintiff asserts a property interest in a massage establishment license it never held. As such Plaintiff is analogous to the first-time license applicants in the foregoing cases. Plaintiff cannot assert a claim upon a license it never held, and thus it suffered no deprivation of a property interest for purposes of constitutional due process protection.[4]

In the alternative, Plaintiff asserts that it had a legitimate claim of entitlement to the license because the Massage Ordinance permits denial of a license only "for cause," and Plaintiff satisfied all the requirements of the Ordinance. In Plaintiff's view, then, this case is analogous to Silver v. Franklin Township, Board of Zoning, 966 F.2d 1031, 1036 (6th Cir. 1992), in which the court held that a property interest could be established by demonstrating that the authority granting an entitlement did not have discretion to refuse approval if all the minimum mandatory requirements were met.

In this case, however, the Massage Ordinance expressly states that "[n]o person

---

[4] Plaintiff also asserts that a city code enforcement officer assured the business that it could continue operating without a license. The City's assurances alone do not confer on Plaintiff a "property interest" protected by constitutional due process. See Shamie, 620 F.2d at 121 ("The City's promise to tell [the license applicant] why his application might be rejected does not automatically confer on him a 'property interest.'"); cf. Karmanos v. Baker, 617 F. Supp. 809, 817 (E.D. Mich. 1985) (holding that mere representations made by University of Michigan hockey coaches to a recruit assuring him of his right to try out for the university's college team created an expectancy, but did not give rise to a property interest which required due process protection). Even if Plaintiff constructively makes a promissory estoppel claim based on the City's assurances, those assurances in no way rise to a "definite and clear" promise when objectively examined in the context of the words and actions surrounding the transaction in question, as required under Michigan law. See, e.g., Booker v. Detroit, 650 N.W.2d 680, 685 (Mich App. 2002), rev'd in part on other grounds, 668 N.W.2d 623 (Mich. 2003). Plaintiff thus cannot use mere assurances to bootstrap otherwise legally insufficient due process claims.

12

shall engage in or carry out the business of massage unless he has a valid massage business license issued by the City of Royal Oak pursuant to the provisions of this chapter for each and every separate office or place of business conducted by such person." Royal Oak, Mich., Code § 447-3. The Ordinance further states that cause for denial includes, but is not limited to "any violation of federal or state law or *local ordinance* which . . . brings into question whether the licensee is of suitable character to operate the business." Id. at § 447-9 (emphasis added). Plaintiff concedes that it operated its business without a license over the course of five months in violation of section 447-3. Without reaching the question of discretion, then, it is clear that Plaintiff did not meet the minimum mandatory requirements of the Ordinance, and therefore cannot establish a property interest in the license under this theory.[5]

Plaintiff's pleadings also allege a denial of a "liberty interest" to choose and pursue a career or to engage in any of the common occupations of life, citing United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 34 (6th Cir. 1992). The Supreme Court has noted that the liberty protected by the Due Process Clause "denotes not merely

---

[5]Plaintiff's reliance on Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741 (1983), is similarly misplaced. In Olim, the court found that "a State creates a protected liberty interest by placing substantive limitations on official discretion," in the context of a due process challenge to a prison committee's decision to transfer individual inmates. Id. at 249. Plaintiff argues that because the Massage Ordinance clearly limits the City Commission's discretion in denying licenses, the City has in effect created a protected liberty interest in licenses. Even if this Court were to find that a license may not be arbitrarily denied under the parameters of the Massage Ordinance, Plaintiff has not alleged any facts upon which it can show a claim for relief. For the entire period in question, Plaintiff operated its business without a license in violation of the Ordinance.

13

freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, . . . and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." Board of Regents v. Roth, 408 U.S. 564, 572, 92 S.Ct. 2701, 2706–07 (1972) (quoting Meyer v. Nebraska, 262 U.S. 390, 43 S. Ct. 625 (1923)). However, the Court has also pointed out that not all human activities are encompassed in this understanding of liberty; individuals in some situations can be adversely affected by government without any substantive or procedural guarantees. Id. at 572-73.

In Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984), the Sixth Circuit held that although there is no *unfettered* freedom to engage in a business, a license applicant could nevertheless make a facially valid due process claim where that freedom was *improperly circumscribed.* The plaintiff in Sanderson met resistance from the city council after opening a poolroom. Id. at 285. City officials stated that the plaintiff must apply for a license under a local ordinance requiring approval for "amusement devices," even though it was not clear that the planned pool tables fell within the scope of the ordinance. Id. One council member opined that the poolroom would never receive the appropriate license, and the poolroom owner was given the choice of "voluntarily" closing the business and applying for the unobtainable license or incurring a criminal penalty for violating the ordinance. Id. The court concluded that an allegation of this type of conduct, where a municipal authority acted irrespective of any existing regulatory ordinance and solely upon "unmotivated and unreasonable" opinions of that business, was

sufficient to state a due process claim pursuant to 42 U.S.C. 1983. Id. at 287.

In Wilkerson v. Johnson, 699 F.2d 325, 329 (6th Cir. 1983), a first-time license applicant successfully brought due process claims against state officials who had denied her a license to operate a barber shop. The Sixth Circuit concluded that although generally states may regulate the freedom to choose and pursue a career, due process required "the regular and impartial administration of public rules governing these interests," and prohibited "the subtle distortions of prejudice and bias as well as gross governmental violations exemplified by bribery and corruption and the punishment of political and economic enemies through the administrative process." Id. at 328. Because the license authority deliberately enforced costly rules known to be invalid and could not offer reasonable justification for delays in the licensing process, the court found that there was ample evidence to show a due process violation of the plaintiff's "liberty" interests. Id.

Since its Sanderson and Wilkerson decisions, the Sixth Circuit has held that the protected liberty interest in "freedom to choose and pursue a career" is only implicated when the plaintiff is prohibited from pursuing a career elsewhere. See Parate v. Isibor, 868 F.2d 821, 831-32 (6th Cir. 1989) (finding that a professor did not have a due process right to teach at a particular university, so long as he was free to pursue his profession at any other public or private university); see also Taylor Acquisitions, LLC v. City of Taylor, No. 06-10650, 2006 WL 3085394, at *5 (E.D. Mich. Oct. 27, 2006) (holding that a city's denial of site plans did not interfere with a developer's right to pursue an

occupation, but rather only interfered with his right to develop a specific property). Wilkerson involved a deprivation of a license applicant's ability to engage in a profession as a whole, anywhere in the state. In the case at bar, Plaintiff was not deprived of its right to operate a business anywhere; rather it was prevented from operating its business in Royal Oak and only during the review of its license applications. As such, Plaintiff's liberty interest has not been implicated for purposes of a due process claim.

### 2. Substantive due process claim

Plaintiff further alleges that Defendant's conduct violated its rights as guaranteed by the substantive element of the Due Process Clause. In Mertik v. Blalock, 983 F.2d 1353 (6th Cir. 1993), the court explained:

> Substantive due process claims are of two types. The first type includes claims asserting denial of a right, privilege, or immunity secured by the Constitution or by federal statute other than procedural claims under "the Fourteenth Amendment *simpliciter*." The other type of claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them. The test for substantive due process claims of this type is whether the conduct complained of "shocks the conscience" of the court.

Id. at 1367 (citations omitted). Where government action does not deprive a plaintiff of a particular constitutional guarantee or shock the conscience, it is lawful so long as it is rationally related to a legitimate state interest. See, e.g., Reno v. Flores, 507 U.S. 292, 301-05, 113 S.Ct. 1439, 1446-49 (1993); Valot v. Southeast Local School Dist. Bd. of Educ., 107 F.3d 1220, 1228 (6th Cir. 1997).

Because Defendant's actions did not deprive Plaintiff of a constitutional right and do not shock the conscience, they are subject to rational basis review. See Valot, 107

F.3d at 1228. Michigan courts have upheld ordinances that regulate massage parlors in substantially more intrusive ways than this licensing scheme, holding that such ordinances are substantially related to legitimate municipal concerns. See, e.g., Gora v. City of Ferndale, 576 N.W.2d 141 (Mich. 1998) (ordinance prohibiting opposite sex massages and ordinance provision authorizing warrantless inspections ruled constitutional). Plaintiff has failed to state a cognizable cause of action for violation of its substantive due process rights, where it has offered only conclusory allegations as to the purported unreasonableness of the Massage Ordinance and its application to Plaintiff's business.

**D.      Equal Protection**

Finally, in Count II of its complaint, Plaintiff alleges that it has been denied equal protection under the laws as guaranteed by the Fourteenth Amendment because Defendant has imposed different standards on Plaintiff than the standards applied to other, similarly situated businesses. In support of this claim, Mr. Carpman states in his affidavit that he is "familiar with other massage therapy businesses located in Royal Oak, and it is [his] understanding that no licenses have been issued under the Massage Ordinance to those businesses or the individual therapists employed by those businesses." (Carpman Aff. ¶ 19.)

Although equal protection claims generally involve a member of a protected class alleging that he or she was treated less favorably than members of another class, the Supreme Court has also recognized that the Equal Protection Clause may give rise to a

17

claim on behalf of a "class of one."  Village of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073 (2000).  To prevail under this theory, a plaintiff must show intentional treatment different from others similarly situated and the absence of a rational basis for the difference in treatment.  Id. at 564.  The court in Olech, reversing a dismissal under Rule 12(b)(6), held that the plaintiff had stated an equal protection claim through allegations of intentional discriminatory application of an easement requirement and "irrational and wholly arbitrary" state action.  Id. at 565.

In this case, Plaintiff has made factual allegations of both discriminatory application of a city ordinance and arbitrary state action.  In its complaint, Plaintiff alleges that Defendant arbitrarily imposed different standards upon its business from those that have been applied to other, similarly situated businesses.  (Compl. ¶ 35.)  Plaintiff's owner, Mr. Carpman, amplifies upon these allegations in his affidavit, expressing his "understanding" that other massage therapy businesses in Royal Oak have been permitted to operate without securing licenses under the City's Massage Ordinance.  (Carpman Aff. ¶ 19.)  These allegations are sufficient to sustain an equal protection claim against a Rule 12(b)(6) challenge.[6]

### IV.  CONCLUSION

For the reasons set forth above,

---

[6] The Court notes that these allegations are rather "bare bones" in nature, and only narrowly surpass the pleading standard articulated by the Supreme Court in Twombly, supra.  At the conclusion of discovery, Plaintiff necessarily must be able to point to specific evidence that other, similarly situated businesses have been treated differently, and that Defendant's disparate treatment of these similarly situated businesses was irrational and wholly arbitrary.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 28, 2008 motion to dismiss (docket #3) is GRANTED IN PART, with respect to Plaintiff's due process claim, and DENIED IN PART, with respect to Plaintiff's equal protection claim.

        s/Gerald E. Rosen  
        United States District Judge

Dated: November 14, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry  
        Case Manager