# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARPMAN FITNESS, LLC, d/b/a
ELEMENTS ROYAL OAK.,

    Plaintiff,

v.

CITY OF ROYAL OAK,

    Defendant.
_____/

Case No. 08-13207
Hon. Gerald E. Rosen

# OPINION AND ORDER DENYING
# PLAINTIFF'S MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 30, 2010

PRESENT: Honorable Gerald E. Rosen
              United States District Judge

By opinion and order dated December 30, 2009, this Court awarded summary judgment in Defendant's favor on Plaintiff's sole remaining claim: a "class of one" equal protection claim, filed pursuant to 42 U.S.C. § 1983. Carpman v. City of Royal Oak, No. 08-13207, 2009 WL 5217987 (E.D. Mich. Dec. 30, 2009). Through the present motion, filed on January 13, 2010, Plaintiff seeks reconsideration of certain aspects of the Court's ruling pursuant to Eastern District of Michigan Local Rule 7.1(h) (formerly Local Rule 7.1(g)).

The requirements for the granting of motions for reconsideration are set forth in

Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." United States v. Lockette, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Briefly summarizing the factual premises of this case, Plaintiff Carpman Fitness, LLC, d/b/a Elements Royal Oak, was initially denied a license to operate a massage establishment as required by municipal ordinance in the Defendant City of Royal Oak. The stated basis of the denial was Plaintiff's failure to apply for the license before opening its doors, then continuing to operate its massage business for several months without a license—even though Plaintiff was notified of the requirement prior to and again after opening the business. After several months and only after it shut down the business, Plaintiff was eventually granted a license upon reconsideration by the city council. On June 23, 2008, Plaintiff sued the Defendant city, asserting various federal civil rights claims including a "class of one" equal protection claim. Plaintiff alleged that it has been intentionally treated differently from other similarly situated businesses and that there was no rational basis for the difference in treatment. After concluding discovery, Plaintiff proffered evidence that at least one massage establishment, owned by

Melissa Ruffner, operated without a license for two years before applying for and being granted a license.

Upon reviewing the record on Defendant's Motion for Summary Judgment, this Court concluded that the evidence did not support a finding of differential treatment—the first prong of a "class of one" equal protection claim—as there were "important differences" between the experiences of the other massage establishment and Plaintiff:

> Both incidents involve a massage therapy business operating without a license, and in both cases, the Defendant city ultimately granted licenses. Both Ms. Ruffner and Plaintiff were told or given the impression by city officials that without a license, they could not operate a massage establishment in Royal Oak. However, in Ms. Ruffner's case, she learned of this requirement once she was already operating her business, and she began the application process within several days of being notified. In Plaintiff's case, there is clear evidence that Mr. Carpman was notified of the licensure requirement nearly ten months before the Elements franchise opened for business. Yet Plaintiff did not initiate the application process until it was given a second and a third warning in December 2007 and January 2008 by a code enforcement officer. Ultimately, in denying the massage establishment license at its April 17, 2008 meeting, the Commission emphasized this ten-month period during which Plaintiff was aware of the licensure requirement but failed to even obtain application forms. The relevant period is thus not the length during which Plaintiff operated without a license, but rather the length of time it took Plaintiff to initiate the application process.

Carpman, No. 08-13207, 2009 WL 5217987, at *5 (E.D. Mich. Dec. 30, 2009).

In its motion for reconsideration, Plaintiff claims that the Court overlooked the clearly established tenet that everyone is presumed to know the law and that ignorance of the law is never an excuse for violation of that law. See Mosier v. Carney, 138 N.W.2d 343, 373, 376 Mich. 532 (1965). Plaintiff argues that because Ms. Ruffner should have

3

been presumed to know of the massage license ordinance from the moment she opened her business, the relevant period for purposes of comparing the Defendant city's treatment of her application and its treatment of Plaintiff's application is the total time elapsed operating a massage establishment without a license. Under this theory, Ms. Ruffner operated her business in violation of the ordinance for over two years, then was immediately granted a license, while Plaintiff operated its business in violation of the ordinance for several months, then was denied a license for failing to comply.

This argument essentially amounts to a reformulation of the arguments made in opposition to Defendant's Motion for Summary Judgment. The Court did not "overlook" the common maxim that everyone is presumed to know the law. Rather, the Court evaluated, as is required for claims brought under the Equal Protection Clause, whether the two businesses were in fact similarly situated and whether the Defendant city intentionally treated the two businesses differently. See Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 549 (6th Cir. 2007). The Court properly concluded that the businesses were not similarly situated, insofar as one showed good faith compliance with the ordinance from the moment she learned of it, while the other, Plaintiff, showed an apparent disregard for the licensing mandate. Furthermore, to the extent that the two businesses could be considered similarly situated, the fact that the Defendant city was relatively permissive in its enforcement of the massage establishment ordinance—either deliberately or, more likely, inadvertently allowing Ms. Ruffner to continue operating without a license so long as she was not formally informed of the

4

ordinance by a code enforcement officer or other city official—does not itself establish an equal protection violation. Rather, it suggests that the Defendant city weighed good faith compliance more heavily than total time spent operating a business without a license. Finally, while as a general matter ignorance does not excuse violation of the law, in a "class of one" equal protection claim, the Defendant city's decision is entitled to a presumption of rationality. See Club Italia Soccer & Sports Org., Inc. v. Charter Tp. of Shelby, 470 F.3d 286, 298 (6th Cir. 2006). Here, the city ordinance provides for the refusal or suspension of a massage establishment license in cases, such as this one, where there is a "determination of lack of suitable character." Royal Oak, Mich., Code § 447-9. The Defendant city did not consider non-compliance in ignorance of the law as evidence of unsuitable character, but it did find that non-compliance after multiple notifications of the ordinance requirements was in fact grounds for refusal. On these facts, Plaintiff cannot prove that Defendant lacked a rational basis for its actions.

Based on the foregoing, the Court concludes that Plaintiff has failed to show a "palpable defect" in the Court's December 30, 2009, opinion. Accordingly, Plaintiff's civil rights complaint was properly dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Plaintiff's motion [Dkt. # 37] is DENIED.  This case is closed.

IT IS SO ORDERED.


                        s/ Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: March 30, 2010


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2010, by electronic and/or ordinary mail.

                        s/Ruth A.Gunther
                        Case Manager
                        (313) 234-5137